**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

RETSEL CORPORATION, d/b/a Grand Gateway Hotel and d/b/a Cheers Sports Lounge and Casino; CONNIE UHRE; and NICHOLAS UHRE,

              Plaintiffs,

    v.

EXPEDIA, INC. d/b/a Expedia.com,

              Defendant.

2:25-cv-01033-TSZ

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT**

**Noted for Hearing:** April 1, 2026

## I. INTRODUCTION

Plaintiffs' Third Amended Complaint ("TAC"), filed pursuant to this Court's January 13, 2026 Order (Dkt. 35), does exactly what the Court invited: it abandons the defective theories, narrows the claims, and pleads a fundamentally different legal theory. The TAC does not challenge Expedia's initial exercise of contractual discretion to suspend the Grand Gateway Hotel listing. Rather, it challenges what happened *after* Expedia exercised that discretion.

This case is not about whether Expedia had the right to delist Plaintiffs' property. It is about whether Expedia—after exercising that right, conducting a formal investigation, resolving that investigation in Plaintiffs' favor, and expressly committing to reinstatement—can reverse course

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

Case No. 2:25-cv-01033-TSZ

JOHN PIERCE LAW P.C.
21550 Oxnard St., 3rd Floor
Woodland Hills, CA 91367
(321) 321-2366

without explanation and abandon performance. The implied covenant of good faith and fair dealing exists precisely to prevent that kind of arbitrary, bad-faith conduct.

The core allegations are these: Expedia voluntarily conducted a months-long Health & Safety investigation. It concluded that investigation in Plaintiffs' favor, declaring it "resolved" and Plaintiffs' responses "satisfactory." It made an express written commitment to reinstate Plaintiffs' listing within 24–48 hours (Exhibit B). It then failed to honor that commitment—citing vague "difficulties," ceasing all communication, and leaving the listing inactive for over two years. When Expedia's own Business Development team later initiated a republishing process in 2025, the identical pattern repeated. (TAC ¶¶ 16–23.)

This Court's prior Order foreclosed claims based on a freestanding duty to investigate or limits on Expedia's "sole discretion." The TAC respects those rulings. It alleges instead that once Expedia voluntarily investigated, completed that investigation, and made an *affirmative commitment to reinstate*, the implied covenant required Expedia to carry through in good faith— not to make and break repeated reinstatement commitments while selectively enforcing its policies against this hotel and not others facing identical circumstances.

Expedia's motion asks the Court to hold that its "sole discretion" clause is not merely a shield permitting delisting, but an unreviewable license to make affirmative representations, induce reliance, and renege without consequence. That is not what *Badgett* holds. That is not what *Rekhter* holds. And that is not what this Court's own Order, citing *Microsoft*, contemplated. The motion should be denied.

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

JOHN PIERCE LAW P.C.
21550 Oxnard St., 3rd Floor
Woodland Hills, CA 91367
(321) 321-2366

Case No. 2:25-cv-01033-TSZ

## II. ARGUMENT

**A.     Legal Standard**

A complaint survives a Rule 12(b)(6) motion if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded facts as true and draw all reasonable inferences in Plaintiffs' favor. *Id.*

**B.     The TAC States a Plausible Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing**

### *1.     The TAC cures the deficiencies the Court identified*

The Court's January 2026 Order dismissed the SAC because Plaintiffs' attempt to impose an "obligation to investigate" would "impermissibly inject substantive terms into the parties' contract." (Dkt. 35 at 10.) The Court also held the "sole discretion" provision was enforceable and not unconscionable. (*Id.* at 6–9.) The Court granted leave to amend. (*Id.* at 16–17.)

The TAC abandons both rejected theories. It explicitly disclaims any challenge to the initial delisting or any duty to investigate: "This claim does not seek to impose on Expedia an obligation to investigate that does not exist in the Contract, nor does it challenge Expedia's initial exercise of its contractual discretion to suspend the listing." (TAC ¶ 36.) It no longer argues the "sole discretion" clause is unconscionable.

Instead, the TAC is based on Expedia's *own voluntary post-investigation conduct*: Expedia chose to investigate; completed the investigation; declared it "resolved"; found Plaintiffs' responses "satisfactory"; and made an express written commitment to reinstate. (TAC ¶¶ 17–19; Ex. B.) Having voluntarily taken these steps—and having induced Plaintiffs' reliance by causing

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

Case No. 2:25-cv-01033-TSZ

JOHN PIERCE LAW P.C.
21550 Oxnard St., 3rd Floor
Woodland Hills, CA 91367
(321) 321-2366

them to cease other mitigation efforts—the implied covenant required Expedia to carry through in good faith.

Expedia's assertion that the TAC "presents the same claims, supported by the same underlying facts" (MTD at 1) is incorrect. The TAC targets different conduct (post-investigation abandonment, not initial delisting), under a different legal theory (bad-faith reversal of an express commitment, not a duty to investigate), supported by additional factual allegations (repeated broken reinstatement commitments, selective enforcement against this property but not others). That Exhibits A and B were previously filed does not mean the *legal theory* is the same.

> **2.      *Expedia's reinstatement commitment, made after a favorable investigation, must be performed in good faith***

Washington implies a covenant of good faith and fair dealing in every contract. *Badgett v. Sec. State Bank*, 116 Wn.2d 563, 569 (1991). The covenant "obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." *Id.* It constrains the exercise of contractual discretion, requiring that discretionary authority be exercised in good faith. *Rekhter v. State, Dep't of Soc. & Health Servs.*, 180 Wn.2d 102, 112–13 (2014); *see also Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 86 Wn. App. 732, 738 (1997). It may be violated by, among other things, "willfully render[ing] imperfect performance," "interfer[ing] with or fail[ing] to cooperate in the other party's performance," or "abus[ing] discretion granted under the contract." *Microsoft Corp. v. Motorola, Inc.*, 963 F. Supp. 2d 1176, 1184 (W.D. Wash. 2013).

To be clear: the implied covenant does not require Expedia to reinstate Plaintiffs' listing. It requires that, once Expedia exercised its discretion by completing an investigation, resolving it in Plaintiffs' favor, and committing to reinstatement, it not reverse that determination arbitrarily or in bad faith.

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

Case No. 2:25-cv-01033-TSZ

Bad faith is plausibly alleged here not merely because Expedia failed to reinstate, but because it made a definitive determination, communicated that determination as final, induced reliance on that determination, and then reversed course without explanation while abandoning the process entirely. That is the textbook definition of arbitrary conduct.

Here, Expedia did not merely exercise its discretion to delist and walk away. It voluntarily undertook a formal investigation authorized by the Contract's Health and Safety provision, demanded Plaintiffs' cooperation over several months, received and reviewed extensive documentation, and then affirmatively concluded that investigation in Plaintiffs' favor. (TAC ¶¶ 16–18; Ex. B.) The February 28, 2024 Reinstatement Email—from Expedia's Health & Safety Operations department, the specialized unit with authority to suspend and reinstate properties, not a "front-line employee" (*cf.* MTD at 5–6)—stated unequivocally:

> After a thorough investigative review of the incidents and allegations provided[,] [w]e have found your responses to our inquiries and the details of your actions and plans to address any concerns satisfactory for this property. . . . At this stage we consider this investigation resolved. . . . Since the property was suspended during our investigation, we are now in the process of reinstating it to our live sites. Please allow 24–48 hours for this [to] reflect accordingly.

(TAC ¶ 18; Ex. B at 2.) This was not a tentative or conditional statement. It was the final communication concluding a months-long investigation, declaring the matter "resolved," confirming Plaintiffs' compliance, and stating that reinstatement was already in process—not subject to further review. It came from the department with authority to suspend and reinstate properties.

Plaintiffs do not contend this email amended the ETP Contract or created a separate agreement. The claim is that the email reflects Expedia's exercise of its discretion *under* the existing Contract, and that having exercised that discretion in Plaintiffs' favor, the implied covenant required Expedia to carry through in good faith—not to silently reverse course without

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

Case No. 2:25-cv-01033-TSZ

explanation. *See Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 86 Wn. App. 732, 738–39 (1997) (implied covenant constrains exercise of contractual discretion). Expedia instead offered only vague "difficulties," abandoned communication for two years, and repeated the identical broken promise in 2025. (TAC ¶¶ 20–23.)

Expedia argues that the Hotel's response—"We understand unforeseen circumstances can arise"—proves no binding promise was made or broken. (MTD at 6.) But a polite acknowledgment of delay, written one week after Expedia's definitive determination, is not a waiver of contractual rights. At the 12(b)(6) stage, all inferences run in Plaintiffs' favor. *Iqbal*, 556 U.S. at 678. The email reflects patience—not acquiescence to a breach.

This is not a case where Expedia simply declined to exercise its discretion. It is a case where Expedia exercised that discretion, communicated a final determination, and then abandoned performance inconsistent with that determination.

### 3. The "sole discretion" clause does not foreclose this claim

Expedia argues the "sole discretion" clause immunizes all conduct related to listing decisions. (MTD at 6–7.) But the implied covenant exists *precisely* to constrain discretion. *Scribner v. Worldcom, Inc.*, 249 F.3d 902, 910 (9th Cir. 2001) (applying Washington law) ("Good faith limits the authority of a party retaining discretion to interpret contract terms; it does not provide a blank check for that party to define terms however it chooses."). This Court's own Order recognized this principle, citing *Microsoft* for the proposition that it "may violate the duty of good faith and fair dealing to . . . abuse discretion granted under the contract." (Dkt. 35 at 10.)

*Haywood v. Amazon.com, Inc.*, 2023 WL 4585362 (W.D. Wash. July 18, 2023), on which Expedia relies, is distinguishable. *Haywood* involved a straightforward account termination under a discretion clause—Amazon never investigated, concluded in the user's favor, and affirmatively

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

Case No. 2:25-cv-01033-TSZ

committed to reinstate. Here, Expedia went far beyond exercising a delisting right. It conducted a formal investigation, issued a written favorable determination, and made an express promise to reinstate. The TAC alleges that Expedia then arbitrarily reneged. These additional steps—all voluntary, all within the contractual framework—distinguish this case from *Haywood* and bring it within the scope of *Rekhter* and *Microsoft*.

Critically, the ETP Contract remains in full force. Expedia never issued the written termination notice required by Section 1. (TAC ¶ 10.) The Contract's purpose is to "list and promote the hotel on its platform in exchange for commissions." (*Id.*) Expedia's conduct—acknowledging reinstatement was appropriate, promising it, then refusing to follow through—frustrated the very purpose of the ongoing agreement. The Contract also provides that "[n]othing in this Contract shall limit or exclude either Party's liability for fraud . . . [or] any other liability which cannot be limited by law." (TAC ¶ 10.) The "sole discretion" clause was never intended as an absolute shield against bad-faith conduct.

Expedia's argument conflates two distinct concepts: the *right to make a decision*, and the *obligation to perform consistently with that decision once made*. The TAC challenges the latter, not the former. Having decided—after months of investigation—to reinstate, Expedia could not then silently reverse that decision without explanation, go dark for two years, and claim it was merely exercising discretion.

Accepting Expedia's position would mean that a party could (i) exercise discretion, (ii) formally resolve that exercise in the counterparty's favor, (iii) communicate that resolution as final, and then (iv) reverse course without explanation and without consequence. That is precisely the type of arbitrary conduct the implied covenant prohibits. *See Badgett*, 116 Wn.2d at 569; *Rekhter*, 180 Wn.2d at 112–13.

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

Case No. 2:25-cv-01033-TSZ

JOHN PIERCE LAW P.C.
21550 Oxnard St., 3rd Floor
Woodland Hills, CA 91367
(321) 321-2366

### 4.    *The selective enforcement allegations support bad faith*

Expedia argues the Foothills Inn's continued listing *undermines* Plaintiffs' theory because, if Expedia were capitulating to NDN Collective pressure against the Uhre family, it would have delisted the Foothills Inn too. (MTD at 7.) But this argument proves Plaintiffs' point: the Foothills Inn was explicitly targeted by the exact same activist campaign, owned by the same individual, yet was never suspended. (TAC ¶ 25.) This inconsistency is precisely what makes Expedia's refusal to reinstate the Grand Gateway Hotel appear *arbitrary* rather than policy-driven.

Expedia attempts to distinguish the Grand Gateway Hotel based on its "specific, documented conduct"—the shooting, the Facebook post, the consent decree. (MTD at 7.) But all of that conduct was known to Expedia *before* it declared the investigation "resolved" and Plaintiffs' responses "satisfactory." (TAC Ex. B.) Expedia cannot now invoke those same facts to justify reversing a determination it already made with full knowledge of them. Expedia's attempt to distinguish the properties only underscores why dismissal is improper: whether those distinctions justified Expedia's conduct—despite its prior determination that the investigation was "resolved"—is a factual question that cannot be resolved on a motion to dismiss.

At the motion to dismiss stage, the combination of (a) repeated broken reinstatement commitments, (b) the continued listing of the Foothills Inn, and (c) the continued listing of major chain hotels facing comparable discrimination allegations plausibly supports an inference that Expedia's conduct was arbitrary and in bad faith. The Court must draw that inference in Plaintiffs' favor. *Iqbal*, 556 U.S. at 678.

Whether Expedia's reversal was justified or consistent with its internal policies is a factual question that cannot be resolved at the pleading stage.

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

JOHN PIERCE LAW P.C.
21550 Oxnard St., 3rd Floor
Woodland Hills, CA 91367
(321) 321-2366

Case No. 2:25-cv-01033-TSZ

**C.      The TAC States a Plausible Claim Under the Washington Consumer Protection Act**

 *1.      Expedia's conduct was unfair and deceptive*

Expedia argues the CPA's "unfairness" standard requires injury to *consumers*, not business partners. (MTD at 8.) But the CPA protects "[a]ny person who is injured in his or her business or property." RCW 19.86.090. The Washington Supreme Court has never limited CPA standing to consumer-only injuries. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 785–93 (1986) (business-partner plaintiff). The *Shields* test addresses whether a practice is unfair in the marketplace, not whether the particular plaintiff is a consumer.

More fundamentally, Expedia's conduct is independently *deceptive*. A practice is deceptive if it "had the capacity to deceive a substantial portion of the public." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 47 (2009). Expedia holds itself out to hotel partners and the traveling public as a platform that applies its policies fairly and follows through on its investigative conclusions. Its practice of completing investigations, declaring them resolved, promising reinstatement—and then failing to honor those commitments—has the capacity to mislead both hotel partners and consumers about the reliability of Expedia's processes and the availability of legitimate lodging options. (TAC ¶ 44.) *See Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 787 (2013) (deceptive acts include representations with capacity to mislead).

Expedia's conduct also affects consumers directly. When a hotel is removed from Expedia's platform following a completed investigation and purported resolution, consumers are led to believe the property remains unsafe or otherwise unsuitable for booking. That inference—created by Expedia's continued refusal to reinstate despite its own favorable findings—distorts consumer choice and competitive market conditions.

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

Case No. 2:25-cv-01033-TSZ

JOHN PIERCE LAW P.C.
21550 Oxnard St., 3rd Floor
Woodland Hills, CA 91367
(321) 321-2366

Courts routinely recognize that deceptive conduct by dominant marketplace platforms—particularly those controlling consumer access to goods and services—implicates the public interest because it distorts both consumer perception and competitive conditions, even where the immediate dispute arises from a business relationship. *See Hangman Ridge*, 105 Wn.2d at 790–91.

Expedia's argument that hotel partners "know" the contractual terms and therefore cannot be deceived (MTD at 8) proves too much. It would immunize any platform from deception claims merely because the underlying contract contains a discretion clause—regardless of what representations the platform makes during performance. That is not the law. The deception is not the delisting; it is the *false reinstatement promise*.

### 2. The TAC adequately pleads public interest impact

Expedia argues Plaintiffs' circumstances are "uniquely fact-intensive" and cannot recur. (MTD at 9.) The *Hangman Ridge* factors, however, do not require identical facts—they examine whether the *type* of conduct is capable of repetition. 105 Wn.2d at 790–91. The TAC alleges each factor:

**Course of business**: Listing, investigating, and reinstating hotel properties are core commercial functions of Expedia's OTA business. (TAC ¶ 46(a).)

**Public advertising**: Expedia spends hundreds of millions annually on advertising directed at consumers and hotel partners. (TAC ¶ 46(b).)

**Active solicitation**: Expedia solicited Plaintiffs, as it solicits thousands of hotels. Any partner could face the same treatment. (TAC ¶ 46(c).)

**Unequal bargaining**: Expedia and Booking.com control approximately 90% of U.S. OTA bookings. The ETP Contract was standardized and non-negotiable. (TAC ¶ 46(d).)

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

Case No. 2:25-cv-01033-TSZ

**JOHN PIERCE LAW P.C.**
21550 Oxnard St., 3rd Floor
Woodland Hills, CA 91367
(321) 321-2366

Expedia's listing, suspension, and reinstatement decisions are applied across thousands of hotel partners nationwide through standardized contracts, making the challenged conduct inherently capable of repetition.

The TAC further alleges that NDN Collective's ongoing hotel-targeting campaigns—including a recent public announcement celebrating "VICTORY" in pressuring Twin Cities hotels (TAC Ex. D)—demonstrate that the pattern of activist pressure on booking platforms continues and that other hotel partners face a real risk of the same treatment. (TAC ¶ 47.) This Court's prior Order did not reach the public interest element, noting only that the parties had "not adequately briefed" it. (Dkt. 35 at 14.) The TAC now provides detailed allegations under each *Hangman Ridge* factor, which is sufficient at the pleading stage.

### 3.    *Expedia mischaracterizes the nature of Plaintiffs' CPA claim*

Expedia frames this case as a demand that platforms list "any property that submits an application, regardless of conduct." (MTD at 9–10.) That is a straw man. The CPA claim is not that Expedia was required to list the Hotel initially; it is that once Expedia voluntarily investigated, declared the matter resolved, and promised reinstatement, its deceptive and unfair reversal—repeated on multiple occasions—violated the statute. A platform that exercises its authority to investigate, concludes the investigation favorably, and makes an express reinstatement commitment should not be permitted to silently reverse course and then hide behind a discretion clause.

## D.    Expedia's Reliance on Extrinsic Facts Is Improper

Throughout its motion, Expedia introduces facts outside the TAC's four corners: a December 2025 jury verdict in the NDN Collective litigation, characterizations of Connie Uhre's Facebook post drawn from earlier complaints, and references to a "government consent decree."

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

Case No. 2:25-cv-01033-TSZ

JOHN PIERCE LAW P.C.
21550 Oxnard St., 3rd Floor
Woodland Hills, CA 91367
(321) 321-2366

(MTD at 1–2.) On a Rule 12(b)(6) motion, the Court accepts the TAC's well-pleaded allegations as true and does not weigh competing inferences. *Iqbal*, 556 U.S. at 678. To the extent Expedia relies on the jury verdict, that event postdates all of the conduct at issue and is irrelevant to whether Expedia acted in bad faith when it broke its reinstatement commitment in February–March 2024. Expedia's reliance on *post hoc* justifications only underscores why its conduct—having already investigated these very matters, resolved the investigation in Plaintiffs' favor, and committed to reinstatement—cannot be reconciled at the pleading stage.

## E.    In the Alternative, Leave to Amend Should Be Granted

Should the Court identify any curable deficiency, Plaintiffs respectfully request leave to amend. Fed. R. Civ. P. 15(a)(2) directs that leave be "freely give[n] when justice so requires." The TAC is the first complaint filed after this Court's substantive guidance in the January 2026 Order, no scheduling order has issued, and Expedia has demonstrated neither prejudice nor futility.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Expedia's Motion to Dismiss the Third Amended Complaint in its entirety.

At minimum, the TAC raises factual questions regarding Expedia's post-investigation conduct, the nature of its reinstatement commitment, and whether its reversal was arbitrary or in bad faith—issues that are not appropriate for resolution on a motion to dismiss.

I certify that this memorandum contains 3,162 words, in compliance with LCR 7(e).

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

Case No. 2:25-cv-01033-TSZ

JOHN PIERCE LAW P.C.
21550 Oxnard St., 3rd Floor
Woodland Hills, CA 91367
(321) 321-2366

Dated: March 25, 2026.

Respectfully submitted,

By: *John M. Pierce*

John M. Pierce (Cal. Bar No. 250443)
*(Admitted Pro Hac Vice)*
John Pierce Law, P.C.
21550 Oxnard Street, 3rd Floor, PMB #172
Woodland Hills, CA 91367
(321) 292-2366
jpierce@johnpiercelaw.com

*Attorneys for Plaintiffs*

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

Case No. 2:25-cv-01033-TSZ

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2026, I electronically filed the foregoing Plaintiffs' Opposition to Defendant's Motion to Dismiss Third Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

By: _John M. Pierce_

John M. Pierce (Cal. Bar No. 250443)
*(Admitted Pro Hac Vice)*
John Pierce Law, P.C.
21550 Oxnard Street, 3rd Floor, PMB #172
Woodland Hills, CA 91367
(321) 292-2366
jpierce@johnpiercelaw.com

*Attorneys for Plaintiffs*

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

JOHN PIERCE LAW P.C.
21550 Oxnard St., 3rd Floor
Woodland Hills, CA 91367
(321) 321-2366

Case No. 2:25-cv-01033-TSZ