THE HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| RETSEL CORPORATION, d/b/a Grand Gateway Hotel and d/b/a Cheers Sports Lounge and Casino, CONNIE UHRE, and NICHOLAS UHRE,<br><br>Plaintiffs,<br><br>vs.<br><br>EXPEDIA, INC.,<br><br>Defendant. | No. 2:25-cv-01033-TSZ<br><br>EXPEDIA, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT<br><br>**NOTED FOR HEARING: April 1, 2026** |

## I.     <u>INTRODUCTION</u>

Plaintiffs claim to have developed a new legal theory to justify the filing of a Third Amended Complaint ("TAC"), but they have not. This case should now be dismissed with prejudice because Plaintiffs have failed yet again to state a plausible claim.

All versions of the complaint have told the same story. Expedia removed the Gateway Hotel from its website following a shooting in the hotel's lobby. Expedia reinstated the hotel but removed it again following additional and separate allegations of racial discrimination. After an investigation, an Expedia employee initially said the hotel would be reinstated a

second time but told the hotel less than a week later that the potential second reinstatement was still under review. The hotel was not reinstated.

According to Plaintiffs, based on this same set of facts, the case now turns entirely on the "new" theory that, once one Expedia employee said the second investigation was over, failing to reinstate the hotel a second time became evidence of bad faith and deception. (Dkt. 40 ("Opp.") at 2.) This "new" theory, though, was presented in the Second Amended Complaint. (Dkt. 28, Second Amended Complaint ("SAC") ¶ 38.) The Court already rejected it, holding that Expedia had "sole discretion" to decide whether the hotel appeared on its website, and dismissing the claim that Expedia's supposed "failure to honor reinstatement commitments" was "willful and in bad faith." (Dkt. 35 at 6; *see id.* at 11.) Plaintiffs still offer no facts showing that Expedia's exercise of its discretion deciding not to reinstate the hotel was malicious. All the TAC shows is that the front-line employee who said that the hotel would be reinstated was not the ultimate arbiter of Expedia's discretionary listing decisions. This cannot be the basis of any cause of action, as the Court's previous orders demonstrate.

## II.   ARGUMENT

Plaintiff asserts two claims related to the second reinstatement decision: (1) breach of the duty of good faith and fair dealing; and (2) a violation of the Washington Consumer Protection Act. Both claims fail to state a legal cause of action.

### A.   The Good Faith and Fair Dealing Claim Fails as a Matter of Law

As an initial matter, the Court has considered Plaintiffs' reinstatement allegation and theory before, in connection with the prior pleadings. The Court already held that Expedia's alleged failure to "honor reinstatement commitments" was legally insufficient to state a cognizable claim. (Dkt. 35 at 6; *compare* SAC ¶ 38 *with* TAC ¶ 36.) Plaintiffs have offered no reason to reconsider that decision.

The duty of good faith "requires only that that parties perform in good faith the obligations imposed by their agreement" and does not "'inject substantive terms into the

EXPEDIA, INC.'S REPLY ISO MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT - 2
CASE NO. 2:25-cv-01033-TSZ

**ANGELI & CALFO LLC**
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

parties' contract.'" *Badgett v. Sec. State Bank*, 116 Wash. 2d 563, 569 (1991). As noted in the motion to dismiss, Plaintiffs have not "specif[ied] what contract terms were allegedly at issue." *GMAC v. Everett Chevrolet, Inc.*, 179 Wash. App. 126, 150 (2014). The relevant contract simply does not impose any reinstatement requirements. (*See* Dkt. 14-1; *id.* at 11 § 1(4)(i) (allowing refusal to display or list the hotel at Expedia's sole discretion).) Forcing Expedia to reinstate the hotel, then—when it is permitted to remove the hotel at any time and for any or no reason at all—would therefore improperly create a new substantive term governing reinstatement procedures.

Plaintiffs nevertheless say a reinstatement rule is necessary to ensure that Expedia cannot "make affirmative representations, induce reliance, and renege without consequence." (Opp. at 2.) What reliance, though? They have not alleged that the one-week interval during which they believed reinstatement was imminent caused them to do anything or take any action, let alone harmed them in any way. As described in the motion to dismiss (Dkt. 37 at 3, 5-6), nothing happened during that time. In fact, after learning that they would not be relisted in February 2024, Plaintiffs took no action. They evinced no surprise or injury, actually told the employee that they understood the decision, and apparently did not even ask "why" reinstatement was not happening. They allege that there was no communication at all with Expedia between February 2024 and Spring 2025. But silence is a two-way street. If Expedia did not contact Plaintiffs, Plaintiffs seemingly understood why—because, according to the TAC, they did not contact Expedia either.

Plaintiffs also say that, on a motion to dismiss, the Court "does not weigh competing inferences." (Opp. at 12 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).) That is not what *Iqbal* says.

In *Iqbal*, the Supreme Court acknowledged that, "[t]aken as true," the plaintiff's "allegations [were] consistent with" the discrimination claims pled in the complaint: that the defendants illegally and "purposefully designat[ed] detainees 'of high interest" because of their

EXPEDIA, INC.'S REPLY ISO MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT - 3
CASE NO. 2:25-cv-01033-TSZ

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

race, religion, or national origin.'" *Iqbal*, 556 U.S. at 681. If the Court had stopped there, it should have allowed the case to continue to discovery. But instead, the complaint was properly dismissed, because "*given more likely explanations*, they do not plausibly establish this purpose." *Id.* (emphasis added). "As between [the] 'obvious alternative explanation' . . . and the purposeful, invidious discrimination [plaintiff] asks us to infer, discrimination is not a plausible conclusion." *Id.*; *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567 (2007) (claims properly dismissed where "we have an obvious alternative explanation").

In other words, the facts alleged in the complaint must be accepted as true. But *Iqbal* expressly approves the weighing of competing inferences from those facts.

By far the most plausible explanation for the facts alleged in the TAC is that, on further review of a front-line employee's decision-making, Expedia determined reinstatement was not proper after all. That is not bad faith; it is evidence of a normal business environment with multiple layers of review or supervision.[1] To hold otherwise would be to hold that Expedia has forever lost any ability to delist the hotel for discrimination, because "once Expedia . . . promised reinstatement," it was not allowed to change its mind. (Opp. at 11.)

**B.** **The Court should dismiss Plaintiffs' claim for breach of the Washington Consumer Protection Act**

To state a CPA claim, a plaintiff must plead: "(1) an unfair or deceptive act or practice that (2) affects trade or commerce and (3) impacts the public interest, and (4) the plaintiff sustained damage to business or property that was (5) caused by the unfair or deceptive act or practice." *Keodalah v. Allstate Ins. Co.*, 194 Wash. 2d 339, 349–50 (2019) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 785-793 (1986)).

---

[1] Plaintiffs also claim the decision to keep Gateway off the Expedia website, while nevertheless maintaining listings for Plaintiffs' other hotels, was evidence of "arbitrary" decision-making. (Opp. at 5.) As explained in the motion, the other hotels did not have the same history of discriminatory conduct. And Plaintiffs do not even allege that Expedia knew the other hotels shared a common ownership structure with the Gateway Hotel.

EXPEDIA, INC.'S REPLY ISO MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT - 4
CASE NO. 2:25-cv-01033-TSZ

**ANGELI & CALFO LLC**
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

A practice is unfair "if it 'causes or is likely to cause substantial injury *to consumers which is not reasonably avoidable by consumers themselves . . .*'" *Shields*, 741 F. Supp. 3d at 930, *amended*, 796 F. Supp. 3d 740 (W.D. Wash. 2025) (emphasis added); *accord Greenberg v. Amazon.com, Inc.*, 3 Wash. 3d 434, 459 (2024) (applying the same test). But the TAC does not allege injury to consumers. It alleges injury to Plaintiffs—the Hotel's operators—who are Expedia's business partners, not the traveling public. (TAC ¶ 43.) And Expedia's conduct cannot be deceptive because (a) its various hotel partners know that it has the authority make unilateral listing decisions, and (b) the traveling public has no insight into the reasons a hotel might be listed, delisted, or not-relisted.[2]

Similarly, a private contract dispute only implicates the public interest prong of the CPA if "additional plaintiffs have been or will be injured in exactly the same fashion." *Hangman Ridge*, 105 Wash. 2d at 790. But the circumstances here are uniquely fact-intensive and, frankly, bizarre. Plaintiffs point to no other hotel anywhere—let alone in the state of Washington—that has experienced a comparable sequence of events and thereafter faced non-reinstatement by Expedia. *See Thornell v. Seattle Serv. Bureau, Inc.*, 184 Wash. 2d 793, 803 (2015) (CPA encompasses claims "against all persons who engage in unfair or deceptive acts that directly or indirectly *affect the people of Washington*"). There is no plausible showing that any other hotel partner will encounter the delist-relist pattern Plaintiffs describe, or that there is any risk of this unique set of circumstances recurring with respect to another hotel. And (separate from Expedia's hotel partners) the traveling public obviously does not engage in listing or reinstatement decisions with Expedia. So the traveling public cannot "be injured in

---

[2] Plaintiffs also describe a theory that "[w]hen a hotel is removed from Expedia's platform following a completed investigation and purported resolution, consumers are led to believe the property remains unsafe or otherwise unsuitable for booking." (Opp. at 9.) This is precisely the theory previously rejected by this Court. (*See* Dkt. 35 at 13.) Consumers—people looking to book a hotel—have no plausible insight into the reason a hotel is listed (or not) on any given website.[2] They can see the hotel on other websites like TripAdvisor, or Kayak, or myriad other platforms. (*Id.*) They have no reason to be aware of, let alone consider the implications of, the specific fact that Expedia chose not to reinstate the hotel after conducting an investigation.

EXPEDIA, INC.'S REPLY ISO MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT - 5
CASE NO. 2:25-cv-01033-TSZ

exactly the same fashion" as Plaintiffs. *Hangman Ridge*, 105 Wash. 2d at 790. In short, this is a private dispute, so it is not subject to the CPA.

### III.    CONCLUSION

Plaintiffs will never be able to state a plausible claim for relief. Expedia cannot be required to continue listing a hotel on Expedia's own website when the relevant contractual provisions expressly allow Expedia to delist the hotel at any time and for any reason. The Court should dismiss the Third Amended Complaint with prejudice.

*I certify that this memorandum contains 1,671 words, in compliance with the Local Civil Rules.*

Dated this 30th day of March, 2026.

ANGELI & CALFO LLC

By: *s/ David W. Williams*
        Angelo J. Calfo, WSBA #27079
        David W. Williams, WSBA #64082
        701 Pike Street, Suite 1625
        Seattle, WA 98101
        Tel: 206-703-4810
        angelo@angelicalfo.com
        davidw@angelicalfo.com

*Attorneys for Defendant Expedia, Inc.*

EXPEDIA, INC.'S REPLY ISO MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT - 6
CASE NO. 2:25-cv-01033-TSZ

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810